IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DENITRIO SANCHEZ-BARAJAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | CV F 08-1666 AWI<br>(CR F 02-5068AWI)<br><br>ORDER DENYING<br>PETITIONER'S MOTION TO<br>MODIFY, VACATE OR SET<br>ASIDE THE JUDGMENT<br><br>(28 U.S.C. § 2255) |

In this case, petitioner Luis Denitrio Sanchez-Barajas ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 (hereinafter, Petitioner's "2255 Motion") from the sentence of 77 months imposed on him by this court on March 3, 2003, following his conviction by plea agreement on a single count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. For the reasons that follow, the court will deny Petitioner's 2255 Motion as untimely.

**PROCEDURAL AND FACTUAL HISTORY**

Petitioner was convicted by plea of guilty on November 18, 2002. Petitioner was sentenced to a term of imprisonment of 77 months on March 3, 2003. Judgment was entered on March 6, 2003. The court's docket report indicates no appeal was taken following Petitioner's conviction. The instant 2255 Motion was filed on October 14, 2008. So far as the court can

---

[1] All references to section numbers hereinafter are to sections of Title 28 of the United States Code unless otherwise specified.

determine, there has been no activity at all in this case between the date of entry of judgment and the date the instant 2255 Motion was filed.

**LEGAL STANDARD**

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United State s v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against he record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

**DISCUSSION**

Section 2255 provides that the one-year statute of limitations for the section begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies. In this case, Petitioner alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary as to the second of the possible starting points. The third starting point specified by section 2255 is not applicable because Petitioner does not assert a newly recognized right that has been made retroactive to cases on collateral review. Likewise, there is no claim of facts supporting the 2255 Motion that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

The court, having excluded all other possible starting points, concludes the first of the possible starting points for the running of the statute of limitations applies. Thus, the one-year statute of limitations on Petitioner's right to file a motion for habeas review pursuant to section 2255 began to run on the date that the judgement became final. Where, as here, there was no appeal, the judgment is final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. See United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir.2000) ("a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence"). In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. See Fed. R.App. Proc. 4(b)(1)(A) and Fed. R.App. Proc. 26(a).

Judgement against Petitioner was entered on March 6, 2003. Therefore Petitioner's judgment became final at the latest on March 19, 2003, and the one-year statute of limitations imposed by section 2255 began to run on that date absent some fact justifying a different starting date. Simply put, Petitioner's 2255 motion was filed slightly less than a full five years after the one-year statute of limitations had run. Petitioner's 2255 motion is therefore time-barred.

THEREFORE, pursuant to the foregoing discussion, Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DENIED as untimely. The Clerk of the Court shall CLOSE THE CASE. IT IS SO ORDERED.

**Dated:   March 16, 2009**           **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE